UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>vs.<br><br>ABEL PUEBLA,<br><br>         Defendant. | Case No.: 2:24-cr-00116-GMN-DJA<br><br>**ORDER** |

Pending before the Court is Defendant Abel Puebla's Motion for Evidentiary Hearing to Determine Safety Valve Prior to Sentencing on May 9, 2025, (ECF No. 31). The Government filed a Response, (ECF No. 35). Defendant did not file a Reply. For the reasons discussed below, the Court DENIES Defendant's Motion for Evidentiary Hearing.

Also pending before the Court is Defendant's Motion to Seal Declaration of Counsel, (ECF No. 32), and the Government's Motion to Seal Sentencing Memorandum, (ECF No. 37). For compelling reasons, the Court GRANTS Defendant's Motion to Seal,[1] and GRANTS the Government's Motion to Seal.[2]

---

[1] "[A] party seeking to seal a judicial record. . . bears the burden of overcoming [the] strong presumption [that records and documents are public] by meeting the 'compelling reasons' standard." *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016) (citation omitted); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Defendant wishes to seal the Declaration of Chris T. Rasmussen in Support of Motion for an Evidentiary Hearing, (ECF No. 33), because it contains sensitive information that could negatively impact his safety and wellbeing. Having reviewed the Declaration, the Court agrees with Defendant. For compelling reasons, the Motion to Seal, (ECF No. 32), is GRANTED.

[2] The Government moves to seal the Sentencing Memorandum pursuant to Local Rule IA 10-5. (*See generally* Gov. Mot. Seal, ECF No. 37). It explains that in its sentencing memorandum, the Government discusses Defendant's Safety Valve proffer in detail. (*Id.*). The Government is aware that defense counsel is concerned for Defendant's safety and wishes to seal sensitive information. (*Id.*). For compelling reasons, the Motion to Seal, (ECF No. 37), is GRANTED. *See Ctr. For Auto Safety*, 809 F.3d at 1096 (citation omitted); *see also Kamakana*, 447 F.3d at 1178.

## I. BACKGROUND

Defendant pled guilty to Conspiracy to Distribute a Controlled Substance (21 U.S.C. §§ 846 & 841(b)(1)(A)) on October 22, 2024. (*See* Change of Plea, ECF No. 23). The plea negotiation allowed Defendant to be sentenced below the statutory minimum sentence pursuant to United States Sentencing Guideline ("U.S.S.G") 5C1.2, also known as Safety Valve relief. (Mot. Hearing 1:20–21, ECF No. 31). After meeting with Defendant, the Government concluded that it would not recommend the Safety Valve because Defendant did not give "truthful information" pursuant to U.S.S.G. 5C1.2(5). (*Id*. 1:22–24). Defendant now moves the Court to hold an evidentiary hearing prior to sentencing to determine whether Defendant is entitled to Safety Valve relief. (*See generally id*.).

## II. LEGAL STANDARD

To be eligible for Safety Valve relief from the mandatory minimum sentence, a defendant must, "not later than the time of the sentencing hearing," "truthfully provide[ ] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]" 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2. This requires a defendant to provide "all information at his disposal which is relevant to the offense, *whether or not* it is relevant or useful to the government's investigation." *United States v. Salazar*, 61 F.4th 723, 727 (9th Cir. 2023) (emphasis in original) (quoting *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir. 1996)). Even where "the government already possesses the relevant information, a defendant must still 'provide[] all the information he possesses, regardless of whether the information assists the Government or not.'" *Id.* at 728 (quoting *United States v. Thompson*, 81 F.3d 877, 881 (9th Cir. 1996)). Defendants carries the burden by a preponderance of the evidence of showing that he qualifies for Safety Valve relief. *United States v. Angulo-Cabrera*, 665 F. App'x 601, 603 (9th Cir. 2016) (further citation omitted).

## III. DISCUSSION

Defendant argues that the Court should hold an evidentiary hearing prior to sentencing to determine whether he is eligible for Safety Valve relief. (*See generally* Mot. Hearing). He asserts that after he pled guilty, he met with the Government. (*Id*. 2:6). At the meeting, Defendant states that he "truthfully answered all the questions surrounding the offense in which he pleaded guilty." (*Id.* 2:6–7). Defendant alleges that the Government began to ask him questions regarding vehicles that he bought and sold in the middle part of the United States. (*Id.* 2:8–9). He states that he did not give nor have information regarding people in other states or narco-trafficking in Las Vegas or elsewhere. (*Id.* 2:8–14). During the meeting, the Government indicated that it would not recommend Safety Valve relief at sentencing. (*Id*. 2:11–12). Defendant argues that an evidentiary hearing is necessary, and required by the U.S.S.G., to determine whether he is entitled to Safety Valve relief because the meeting was not recorded in any way. (*Id.* 2:17–18). The Government contends that Defendant is not entitled to an evidentiary hearing prior to sentencing and even more, an evidentiary hearing is not necessary in this matter altogether. (*See generally* Resp., ECF No. 35).

In the context of U.S.S.G. 5C1.2(5), "[t]here is no general right to an evidentiary hearing at sentencing, and a district court has discretion to determine whether to hold such a hearing." *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996) (internal citation omitted). "Where a fact relevant to sentencing is disputed, the district court must provide the parties a 'reasonable opportunity' to present information to the court." *Id*. (quoting Fed. R. Crim. P. 32(c)(3)(A) and U.S.S.G. § 6A1.3(a)). District courts may hold an evidentiary hearing to determine a defendant's truthfulness, "but any such hearing is discretionary, not mandatory." *Id*. Thus, the Court is not required, as Defendant suggests, to hold an evidentiary hearing prior to or even during sentencing.

Moreover, the Court does not find that an evidentiary hearing is needed. The parties do not dispute *what* was said during the hearing. They only dispute whether what (or was not) said entitles Defendant to Safety Valve relief. (*See generally* Mot. Hearing); (*see also* Resp.). While an evidentiary hearing is not warranted, the Court will "provide the parties a 'reasonable opportunity' to present information to the court" regarding the applicability of Safety Valve relief during sentencing. *See Real–Hernandez*, 90 F.3d at 362. Accordingly, Defendant's Motion for Evidentiary Hearing to Determine Safety Valve Prior to Sentencing on May 9, 2025, is DENIED.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Evidentiary Hearing to Determine Safety Valve Prior to Sentencing on May 9, 2025, (ECF No. 31), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF No. 32), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal, (ECF No. 37), is **GRANTED**.

**DATED** this   6   day of May, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court